United States District Court
Southern District of Texas
**ENTERED**
August 17, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **FELIPE RANGEL, JR.** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-114** |
| | § | **Criminal No. 1:14-981-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 2, 2016, Petitioner Felipe Rangel, Jr. ("Rangel") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Rangel's motion be **DENIED** because it is factually and legally meritless on its face.

## I. Procedural and Factual Background

On December 11, 2014, Rangel was charged by a federal grand jury – sitting in Brownsville, Texas, – in a two count indictment, with: (1) conspiracy to possess with intent to distribute a quantity of more than five (5) kilograms of cocaine; and (2) possession with intent to distribute more than five (5) kilograms of cocaine, a violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. U.S. v. Rangel, Criminal No. 1:14-981-1, Dkt. No. 17 (hereinafter "CR").

### A. Rearraignment

On February 3, 2015, Rangel appeared before the District Judge and pled guilty, without a written plea agreement, to count two of the indictment – possession with intent to distribute more than five (5) kilograms of cocaine. CR Dkt. No. 47.

### B. Sentencing

In the final presentence report ("PSR"), Rangel was assessed a base offense level of 32 for possession with intent to distribute approximately 26.5 kilograms, gross weight, of

cocaine. CR Dkt. No. 47, p. 6.  Rangel received a three-level reduction for acceptance of responsibility. Id.  Thus, Rangel was assessed a total offense level of 29.

Regarding his criminal history, Rangel had 17 adult criminal convictions and was assessed 10 criminal history points. CR Dkt. No. 47, pp. 7-12.  This resulted in a criminal history category of V. Id., p. 12.  Based upon Rangel's offense level of 29 and criminal history category of V, the presentence report identified a guideline sentencing range of 140 to 175 months of imprisonment. Id., p. 17.

On May 11, 2015, the District Court sentenced Rangel to 144 months of imprisonment, five years of supervised released, and a $100 special assessment fee. CR Dkt. No. 57.  The judgement was entered on May 18, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Rangel's deadline for filing a notice of appeal passed on June 1, 2015[1]. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 2, 2016, Rangel timely[2] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, Rangel asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

---

[1]After judgement was entered, Rangel filed a Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582, which was denied. CR Dkt. No. 72.

[2] Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988).  Rangel's motion was placed in the prison mailing system on May 31, 2016. Dkt. No. 1, p. 12.  Rangel filed his appeal one-year from the date which his judgment became final, June 1, 2015.  Therefore, his appeal is timely.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Rangel seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Rangel's claim, the Court is required to construe allegations by <u>pro se</u> litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support Rangel's claim.

### A. **Johnson is Inapplicable**

Rangel asserts that he is entitled to habeas relief in light of the recent Supreme Court decision <u>Johnson v. U.S.</u>, 135 S. Ct. 2551(2015).  In <u>Johnson</u>, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added).  The underlined portion of § 924(e)(2)(B) has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Rangel, none of it applies to his case.  Rangel was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, he was convicted for violating 21 U.S.C.§§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. CR Dkt. No. 17. Furthermore, the court did not apply any enhancement in relation to the use or possession of

a firearm. CR Dkt. No. 47.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Rangel with a vehicle for relief.

### B. <u>Gonzalez-Longoria Affords No Relief</u>

Rangel attempts to make the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in <u>U.S. v. Gonzalez-Longoria</u>, 813 F.3d 225 (5th Cir. 2016).  There, the panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235.

Any relief that Rangel may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit <u>en banc</u>.[3]

The Fifth Circuit, sitting <u>en banc</u>, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." <u>U.S. v. Gonzalez-Longoria</u>, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Accordingly, even if § 16(b) applied to his case, Rangel is entitled to no relief under <u>Gonzalez-Longoria</u>.

Furthermore, an examination of Rangel's sentence clearly shows that there was no error.  Rangel's sentence was not enhanced whatsoever. <u>Id.</u>  Instead, Rangel's sentence was

---

[3] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), <u>reh'g en banc ordered</u>, 815 F.3d 189.

reduced for acceptance of responsibility. Id.  Accordingly, the analysis in Johnson is not applicable to Rangel's case.

Thus, Rangel's reliance on Johnson and its progeny is factually and legally misplaced. Accordingly, his claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Felipe Rangel, Jr.'s Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Rangel's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Rangel's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 17, 2016.

Ronald G. Morgan
United States Magistrate Judge

7